## SHAKESPEARE ET AL. vs. SAUNDERS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

EASTERN DIS.
June, 1841.

SHAKESPEARE
ET AL.
vs.
SAUNDERS.

It is necessary to allege and show that an absconding insolvent debtor was "a merchant or trader," under the act of 1826, to sustain an action for a forced surrender. The allegation must be made in the pleadings, in order to let in evidence in proof of it.

This is an action instituted by three of the creditors of William Saunders, alleging he is an absconding insolvent debtor, and is justly indebted to them in the several sums alleged and sworn to in their affidavits. They pray for a forced surrender and sequestration of all their debtor's property.

A meeting of creditors was held and their proceedings returned into court.

Almost at the same time of instituting these proceedings Bedford & Beck commenced an attachment suit against the absconding debtor. They also made opposition to the homologation of the proceedings of the creditors ; which being overruled, and the proceedings confirmed and homologated, the opponents appealed.

*Durant*, for the plaintiffs.

*Lockett & Micou*, for the opposing creditors.

*Garland, J.* delivered the opinion of the court.

The petitioners allege they are creditors of Saunders for various sums ; that he has absconded and clandestinely left the State, to avoid the payment of his debts, taking with him a large portion of his property, for the purpose of defrauding his creditors. They further allege his insolvency and the fact of his having left property subject to deterioration. They pray for a forced surrender against their debtor, a meeting of his creditors, the appointment of a syndic and a stay of proceedings against his person and property; also that a writ of sequestration issue. The district judge granted the sequestration, ordered a meeting of creditors and a stay of all proceedings against the person or property of the absconding debtor.

On the same day this petition was filed, Bedford & Beck

EASTERN DIS.
June, 1841.

SHAKESPEARE
ET AL.
vs.
SAUNDERS.

presented their petition to the same court, stating themselves to be creditors of Saunders for a large amount, that he had absconded and prayed an attachment against his property. The attachment was granted by the clerk and levied on the property previous to the writ of sequestration.

A number of creditors met inconcurso, proceeded to appoint a syndic and ordered a sale of the property. Upon the return of these proceedings into court Bedford & Beck filed their opposition to their homologation, because it is not alleged in the petition or affidavits that Saunders was a *merchant* or *trader*, which they say is necessary to entitle the plaintiffs to the remedy they have adopted ; they say he is such and ask all the proceedings be declared null and void as being contrary to law.

This proceeding it is alleged is authorized by the 6th section of the act of 1826, relative to voluntary surrenders ; 2 Moreau's Dig., 438, which says, " if any merchant or trader absond or conceal himself in order to avoid the payment of his debts, it shall be lawful for three or more of his creditors to apply to any competent judge, after having made affidavit that said merchant or trader has actually absconded or concealed himself in order to avoid the payment of his debts or to be sued therefor, as well as the specific amount of their respective debts, &c.," to obtain an order for a sequestration, a meeting of creditors and the appointment of syndics.

On the trial of the opposition the counsel for plaintiffs offered evidence to prove Saunders was a merchant or trader within the meaning of the act of the legislature, to which the counsel for the opponents objected, on the ground there was no allegation in the petition or affidavits to that effect, this objection the court below overruled, admitted the testimony and the opponents excepted. We think the judge erred. The proceeding is one of a peculiar character and can only be prosecuted against persons engaged in certain pursuits under particular circumstances, and it is important all those circumstances be stated. One is of as much consequence as the other.

"In the year 1823, the legislature abolished the forced surrender as it existed by the Spanish law, and restricted the right of compelling a surrender to cases when the debtor was in actual custody;" 2 Moreau's Dig., 436. In 1826 the law was re-enacted only in relation to *merchants* and *traders*; 7 La. Rep., 425. These words are used in the insolvent system as forming a part of it. They are in bankrupt laws technical terms, having a particular meaning and are to be received and understood according to the acceptation they have in the art or profession to which they refer.

This proceeding is an exception to a general rule, and nothing is to be left to inference or conjecture in behalf of parties wishing to avail themselves of it. We think it is as important to have alleged that Saunders was either a merchant or trader as to have alleged he was insolvent or had absconded, and there being no such allegation in the petition, the plaintiffs had no more right to give evidence of his being a merchant or trader, than they would have of his indebtedness, if they had omitted to allege it.

The judgment of the District Court is therefore annulled, avoided and reversed, the opposition of Bedford & Beck is sustained and the petition of the plaintiffs and all the proceedings under it dismissed and set aside at their costs.

---

EASTERN DIS. *June*, 1841.

SHAKESPEARE ET AL. *vs.* SAUNDERS.

It is necessary to allege and show that an absconding insolvent debtor was "a merchant or trader," under the act of 1826, to sustain an action for a forced surrender. The allegation must be made in the pleadings, in order to let in evidence in proof of it.