GEORGE BEDFORD and another *v.* WILLIAM SAUNDERS.

No proceedings can be had in an inferior court, in relation to the subject matter of a case pending in the Supreme Court, until the expiration of three judicial days after judgment has been pronounced by the latter, within which time a re-hearing may be granted, and the judgment amended, or entirely changed.

An attachment having been levied on the property of an absconding debtor, certain creditors, on the same day, prayed for a forced surrender of his property, and obtained an order for a meeting of creditors and a stay of proceedings. The proceedings for a forced surrender having been set aside on appeal, on account of the insufficiency of the petition, other creditors, not parties to the proceedings for a surrender, procured an attachment from the lower court on the day on which the judgment was pronounced by the appellate tribunal, which was levied on the property of the debtor. The property seized under the first attachment proving insufficient, the creditors who sued it out, caused a *fi fa.* to be issued on the judgment which they had in the meantime obtained, and seized the property, which had been attached on the day on which judgment was pronounced on the appeal. *Held,* that the seizure under the *fi. fa.* was good, and that the second attachment, having been issued before the expiration of three judicial days from that on which the judgment was pronounced, was null.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Micou,* for the plaintiffs, cited Code Pract. art. 911. *Love* v. *Dixon,* 8 Mart. N. S. 440. *Curtis* v. *Curtis,* 4 La. 325.

*Durant*, for the appellants.

GARLAND, J.   This case arises out of that of *Shakespeare et al.* v. *Saunders*, reported in 19 La. 97.* The judgment of this court in that case, was pronounced on the 28th of June last.   On the same day, Blakesly and Clark, each took out an attachment against Saunders, the absconding debtor, and on the next day Turner took out a similar process, all of which were levied on certain lots in the parish of Jefferson.   The plaintiffs, after the dismissal of the suit of *Shakespeare et al.* v. *Saunders*, went on with the attachment they had originally sued out, obtained a judgment, had the property attached sold, and it being insufficient to satisfy their judgment, they issued an execution, which was levied on the same lots attached by Turner, Blakesly and Clark, and they were sold under it to the plaintiffs.   The latter then took a rule on the sheriff and attaching creditors, to show cause why the sheriff should not deliver to them an act of sale for the property, on their paying the costs of the execution and sale, and giving Saunders a credit upon the execution for the balance of the proceeds.

In answer to this rule, the defendants alleged that their attachments had priority over the seizure under the execution, they having been levied several months previous, although no judgments had been rendered in their cases.   To this, the plaintiffs respond that the attachments are of no validity, as the proceedings were premature, the judgment of this tribunal setting aside the proceedings for a forced surrender in the case of *Shakespeare et al.*

---

* In the case of *Shakespeare et al.* v. *Saunders*, the plaintiffs, creditors of Saunders, had applied to the District Court of the First District for an order for a forced surrender of the property of the defendant, on the allegation that he had absconded from the State, taking with him a large part of his property for the purpose of defrauding his creditors.   The property was sequestered, and a meeting of the creditors and a stay of proceedings ordered.   Bedford and Beck, also creditors of Saunders, and the plaintiffs in the present case, who had previously, but on the same day, obtained an attachment against his property, and caused it to be levied before the writ of sequestration was executed, opposed the homologation of the proceedings of the creditors, on the ground that neither the petition nor affidavit filed by Shakespeare and others, alleged that Saunders was a *merchant* or *trader*.   This opposition was overruled in the District Court ; but the Supreme Court, considering the omission fatal, sustained the opposition, and dismissed the proceedings for a forced surrender.   See 19 La. 97.

v. *Saunders*, not having become final by the expiration of three judicial days, every creditor being enjoined from taking any pro-ceeding against the property of Saunders, until the expiration of the legal delays; and that the defendants having violated the order of the court arresting all proceedings against Saunders during the pendency of the suit of Shakespeare and others against him, can-not thereby obtain any preference or lien over a seizing creditor. The defendants show that they were not parties to the suit of *Shakespeare et al.* v. *Saunders*, that they did not attend the meet-ing of creditors, and contend that those proceedings in no way af-fect their rights.

The District Court made the rule absolute, and the defendants, Blakesly, Turner, and Clark have appealed.

We are of opinion that the judge did not err. The Code of Practice, art. 911, declares that the judgments of this court are not final until the expiration of three judicial days. Within that time they are within the control of the court; a re-hearing may be granted, or the judgment may be amended, or entirely changed, if the law or the facts of the case have been misunderstood or misapplied, or injustice has been done to either party. In 8 Mart. N. S. 440, it was held that no proceedings could be had in an in-ferior court, in relation to the same subject matter, whilst the case was pending in this court, even after judgment, until the expira-tion of three judicial days, which doctrine was confirmed in 3 La. 324. According to these decisions, neither the plaintiffs in this rule, nor Shakespeare and his co-suitors, could have taken any step against the property of Saunders until the expiration of three judicial days. It is, therefore, not just that the defendants, should, because they chose to stand by, obtain an advantage in a contest which, according to the doctrine they contend for, would benefit them however it might be decided. Had Shakespeare succeeded in his suit for a forced surrender, the defendants would have come in as creditors on the tableau of distribution, and have obtained their share of the property of Saunders; but as he did not, they now wish to step in, about the close of the contest be-tween the plaintiffs and Shakespeare and others whilst their hands were tied, seize upon the whole matter in litigation, and thus ob-tain a preference over all the litigants. This is an attempt to real-

ize the fable of the bear and the tiger, who having hunted a stag in company, disputed about the division of the spoils, and fought until each was so exhausted as to be unable to move, when the fox, who was in ambush watching the contest, came in and took away all that was most desirable in the prize.

*Judgment affirmed.*